# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| HAYLEY DUNFORD, and<br>SPENCER DUNFORD,<br><br>        Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. and<br>WELLS FARGO HOME<br>MORTGAGE, INC.,<br><br>        Defendants. | Case No. 8:24-cv-173 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, HAYLEY DUNFORD and SPENCER DUNFORD, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against EXPERIAN INFORMATION SOLUTIONS, INC., and WELLS FARGO HOME MORTGAGE, INC., plaintiffs state as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. HAYLEY DUNFORD, (hereinafter, "Hayley Dunford") is an individual who was at all relevant times residing in the City of Sarasota, County of Sarasota, State of Florida.

5. SPENCER DUNFORD, (hereinafter, "Spencer Dunford") is an individual who was at all relevant times residing in the City of Sarasota, County of Sarasota, State of Florida.

6. At all relevant times, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1681a(c).

7. EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter, "Experian") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the State of Florida.

8. At all relevant times Experian was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Experian was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. WELLS FARGO HOME MORTGAGE, INC., (hereinafter, "Wells Fargo Home Mortgage") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the State of Florida.

11. At all relevant times, Wells Fargo Home Mortgage was a "person" as that term is defined by 15 U.S.C. §1681a(b).

12. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV. ALLEGATIONS

### COUNT I: HAYLEY DUNFORD v. EXPERIAN FOR VIOLATIONS OF THE FCRA

13. Experian has been reporting derogatory and inaccurate statements and information relating to Hayley Dunford and Hayley Dunford's credit history to third parties (hereinafter the "inaccurate information").

14. The inaccurate information of which Hayley Dunford complains are accounts, or trade-lines, named Wells Fargo Home Mortgage.

15. In October of 2022, as a result of the damage caused by Hurricane Ian, a natural disaster, Hayley Dunford applied for and was granted a forbearance on the payments of the account for a period of ninety (90) days.

16. After Plaintiff's forbearance, she returned to making timely payments on the account.

17. Wells Fargo Home Mortgage specifically advised Hayley Dunford that during the time of the forbearance, she would not be reported as delinquent or missing payments.

18. Despite the foregoing, Experian has disseminated credit reports and/or information that the account reached a maximum of ninety (90) days late

as of February in 2023, reflecting late payments at a time she was in forbearance (hereinafter "the inaccurate information").

19. The inaccurate information negatively reflects upon Hayley Dunford, Hayley Dunford's credit repayment history, Hayley Dunford's financial responsibility as a debtor, and Hayley Dunford's credit worthiness.

20. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

21. On August 4, 2023, Hayley Dunford disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

22. Furthermore, Plaintiff enclosed with her written dispute to Defendant documents and other information that either proved that the disputed information contained within her credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

23. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Wells Fargo Home Mortgage of Plaintiff's dispute and the nature of the dispute.

24. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Wells Fargo Home Mortgage received notification from Experian of Plaintiff's dispute and the nature of the dispute.

25. Upon information and belief, Experian received the results of Wells Fargo Home Mortgage's investigation as to Plaintiff's dispute.

26. Upon information and belief, Experian updated the reporting of the account(s) at issued solely based upon the information it received from Wells Fargo Home Mortgage in response to Plaintiff's dispute.

27. Notwithstanding Hayley Dunford's efforts, Experian has responded to Hayley Dunford's disputes indicating that it has verified the information reported as accurate, and intends to continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. Despite Hayley Dunford's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Hayley Dunford.

29. Hayley Dunford's credit reports and file have been obtained from Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Hayley Dunford from receiving many different credit offers and opportunities, known and unknown, and from receiving the most

favorable terms in financing and interest rates for credit offers that were ultimately made.

30. As a result of Experian's conduct, Hayley Dunford has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

31. At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

32. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Hayley Dunford herein.

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian, LLC is liable to Hayley Dunford for engaging in the following conduct:

- a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

- b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Hayley Dunford that are outlined more fully above and, as a result, Experian is liable to Hayley Dunford for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II: SPENCER DUNFORD v. EXPERIAN FOR VIOLATIONS OF THE FCRA

35. Spencer Dunford re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

36. Experian has been reporting derogatory and inaccurate statements and information relating to Spencer Dunford and Spencer Dunford's credit history to third parties (hereinafter the "inaccurate information").

37. The inaccurate information of which Spencer Dunford complains are accounts, or trade-lines, named Wells Fargo Home Mortgage.

38. In October of 2022, as a result of the damage caused by Hurricane Ian, a natural disaster, Spencer Dunford applied for and was granted a forbearance on the payments of the account for a period of ninety (90) days.

39. After Plaintiff's forbearance, he returned to making timely payments on the account.

40. Wells Fargo Home Mortgage specifically advised Spencer Dunford that during the time of the forbearance, he would not be reported as delinquent or missing payments.

41. Despite the foregoing, Experian has disseminated credit reports and/or information that the account reached a maximum of ninety (90) days late as of February in 2023, reflecting late payments at a time he was in forbearance (hereinafter "the inaccurate information")

42. The inaccurate information negatively reflects upon Spencer Dunford, Spencer Dunford's credit repayment history, Spencer Dunford's financial responsibility as a debtor and Spencer Dunford's credit worthiness.

43. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

44. On August 4, 2023, Spencer Dunford disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

45. Furthermore, Spencer Dunford enclosed with his written dispute to Experian, documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Spencer Dunford's contentions that the disputed information was inaccurate.

46. Notwithstanding Spencer Dunford's efforts, Experian has responded to Spencer Dunford's disputes stating that the information was verified as reported accurately and that it intends to continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

47. Despite Spencer Dunford's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Spencer Dunford.

48. Spencer Dunford's credit reports and file have been obtained from Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Spencer Dunford from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

49. As a result of Experian's conduct, Spencer Dunford has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

50. At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

51. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Spencer Dunford herein.

52. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian, LLC is liable to Spencer Dunford for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

  e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

53. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Spencer Dunford that are outlined more fully above and, as a result, Experian, LLC is liable to Spencer Dunford for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT III: HAYLEY DUNFORD v. WELLS FARGO HOME MORTGAGE, INC., FOR VIOLATIONS OF THE FCRA

54. Hayley Dunford re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

55. Wells Fargo Home Mortgage received notification from Experian that Hayley Dunford disputed the inaccurate information and the nature of Hayley Dunford's dispute.

56. Upon information and belief, Wells Fargo Home Mortgage received from Experian notice of Hayley Dunford's dispute by an Automated Consumer Dispute Verification Notice.

57. Upon information and belief, Wells Fargo Home Mortgage received from Experian additional information and documentation that Experian had

received from Hayley Dunford relative to and in support of Hayley Dunford's dispute.

58. Wells Fargo Home Mortgage then and there owed Hayley Dunford a duty to assist Experian in a re-investigation into the disputed information being reported about Hayley Dunford by Experian.

59. Wells Fargo Home Mortgage violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Hayley Dunford disputed upon receiving notice of the dispute of the consumer from Experian, LLC;

   b. willfully and negligently failing to review all relevant information concerning Hayley Dunford's account provided to by Experian, LLC;

   c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Hayley Dunford;

   e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Hayley Dunford to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

60. Wells Fargo Home Mortgage's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to

Hayley Dunford that are outlined more fully above, and as a result, Wells Fargo Home Mortgage is liable to compensate Hayley Dunford for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### COUNT IV: SPENCER DUNFORD v. WELLS FARGO HOME MORTGAGE, INC., FOR VIOLATIONS OF THE FCRA

61. Spencer Dunford re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

62. Wells Fargo Home Mortgage violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Spencer Dunford disputed upon receiving notice of the dispute of the consumer from Experian, LLC;

   b. willfully and negligently failing to review all relevant information concerning Spencer Dunford's account provided to by Experian, LLC;

   c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Spencer Dunford;

   e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Spencer Dunford to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

63. Wells Fargo Home Mortgage's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Spencer Dunford that are outlined more fully above, and as a result, Wells Fargo Home Mortgage is liable to compensate Spencer Dunford for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.    JURY DEMAND

64. Plaintiffs hereby demand a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, HAYLEY DUNFORD and SPENCER DUNFORD, by and through their attorneys, respectfully pray for judgment in their favor and against EXPERIAN INFORMATION SOLUTIONS, LLC and WELLS FARGO HOME MORTGAGE, INC., as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages;

    c. Plaintiff's attorneys' fees and costs;

    d. Punitive damages; and,

    e. Such other and further relief as may be necessary, just and proper.

                                      Respectfully submitted,
                                      **HAYLEY DUNFORD and**
                                      **SPENCER DUNFORD**

                              By:   s/ David M. Marco
                                      Attorney for Plaintiff

Dated: January 19, 2024

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com